# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

NATIONAL ASSOCIATION OF CHAIN
DRUG STORES; NATIONAL COMMUNITY
PHARMACISTS ASSOCIATION;
KLINGENSMITH DRUG INC., KOPP
DRUG, INC.; LECH'S PHARMACY, PJL
PHARMACY, INC.; MJR, LTD.; MJRRX,
INC.; DAVID M. SMITH RPH, INC.;
PROFESSIONAL SPECIALIZED
PHARMACIES, LLC; ANBAR, INC.;
SELLERSVILLE PHARMACY, INC.; TEP,
INC.; THOMPSON ENTERPRISES INC.;
BROAD AVE PHARMACY LLC;
HOLLIDAYSBURG PHARMACY LLC;
VALUE DRUG COMPANY; and VALUE
SPECIALTY PHARMACY LLC,

                Plaintiffs,

                v.                               Civil Action No. 2:12-cv-00395-CRE

EXPRESS SCRIPTS, INC.
and MEDCO HEALTH SOLUTIONS, INC.,

                Defendants.

_____

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiffs request a Temporary Restraining Order pursuant to Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26, and Rule 65 of the Federal Rules of Civil Procedure, to prevent and restrain the Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18. Specifically, Plaintiffs request that Defendants be enjoined by a Temporary Restraining Order from consummating the proposed acquisition of Medco Health Solutions, Inc. ("Medco") by Defendant Express Scripts, Inc. ("ESI") pending entry by the Court of a final judgment in this

action, or in the alternative, that ESI be ordered to hold separate Medco's assets and operations after consummating the proposed acquisition and pending entry by the Court of a final judgment in this action.

In requesting the restraining order, Plaintiffs ask that this Court maintain the status quo to preserve competition; to prevent immediate imminent and irreparable harm to them, to patients, and to plans sponsors; and to preserve remedies available to Plaintiffs under the Clayton Act.

The Motion is based on the following grounds:

1. On July 20, 2011, Defendant Express Scripts, Inc. ("ESI") and Medco Health Solutions, Inc. ("Medco") entered into an Agreement and Plan of Merger, pursuant to which ESI would ultimately acquire Medco for 0.81 shares of ESI and $28.80 in cash per Medco share, for a total of approximately $29 billion.

2. In filings before the Securities and Exchange Commission ("SEC") on March 28, 2012, Medco and ESI each represented that they may consummate the proposed acquisition as early as the week of April 2, 2012.

3. On March 29, 2012, Plaintiffs filed a Complaint alleging that Defendant ESI's proposed acquisition of Medco violates Section 7 of the Clayton Act, 15 U.S.C. § 18.

4. Unless enjoined by this Court, Plaintiffs will suffer immediate and irreparable harm resulting from an imminent and irreversible reduction to competition caused by the intermingling of information and assets held by the Defendants.

5. Such a reduction in competition will also cause serious harm to the public, including patients, plan sponsors, and state and federal governments. Thus, granting the requested relief will be in the public interest.

6. The harm to Plaintiffs and the public will outweigh any hypothetical harm to Defendants caused by slightly delaying this anticompetitive acquisition or by slightly delaying the integration of Defendants' assets.

7. There is a substantial likelihood that Plaintiffs will establish at trial that the acquisition of Medco by ESI would violate Section 7 of the Clayton Act, 15 U.S.C. § 18.

8. Counsel for Plaintiffs has conferred with counsel for Defendants prior to seeking relief as required by Rule III.C. of the Practices and Procedures for Magistrate Judge Eddy. The Fed. R. Civ. P. 65(b) Affidavit regarding the same is attached hereto as Exhibit A.

This emergency motion will be followed with a Memorandum in Support of Plaintiffs' Motion for a Temporary Restraining Order to be filed on April 2, 2012.

WHEREFORE, Plaintiffs pray that Defendants be either (1) enjoined from consummating the proposed acquisition of Medco by ESI pending entry by the Court of a final judgment in this action, or (2) ordered to hold separate Medco's assets and operations after consummating the proposed acquisition.

DATED: March 30, 2012

Respectfully submitted,

|  |  |
|---|---|
| J. Robert Robertson (DC Bar #501873)<br>   (*pro hac vice* to be filed)<br>Corey W. Roush (DC Bar #466337)<br>   (*pro hac vice* to be filed)<br>Christian M. Rowan (DC Bar #978124)<br>   (*pro hac vice* to be filed)<br>HOGAN LOVELLS US LLP<br>Columbia Square<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Phone: (202) 637-5600<br>Fax: (202) 637-5910<br>robby.robertson@hoganlovells.com<br>corey.roush@hoganlovells.com<br>christian.rowan@hoganlovells.com | /s/ Charles B. Gibbons<br>Charles B. Gibbons (Pa. ID. No. 08284)<br>David J. Porter (Pa. ID. No. 66125)<br>Christopher A. Amar<br>  (Pa. ID. No. 309707)<br>**BUCHANAN INGERSOLL &**<br>**ROONEY PC**<br>One Oxford Centre, 20th Floor<br>301 Grant Street<br>Pittsburgh, PA 15219<br>Phone: (412) 562-8800<br>Fax: (412) 562-1041<br>charles.gibbons@bipc.com<br>david.porter@bipc.com<br>christopher.amar@bipc.com<br><br>*Attorneys for Plaintiffs*<br><br>and<br><br>Peter J. Kadzik (*pro hac vice* to be filed)<br>DICKSTEIN SHAPIRO LLP<br>1825 Eye Street NW<br>Washington, DC 20006<br>Phone: (202) 420-2200<br>Fax: (202) 420-2201<br>kadzikp@dicksteinshapiro.com<br><br>*Attorney for Plaintiffs NACDS and NCPA* |