IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL COMMUNITY PHARMACISTS ASSOCIATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| EXPRESS SCRIPTS, INC, *et al.*, | ) ) |
| Defendants. | ) |

Civil Action No. 12-395
Judge Cathy Bissoon

## MEMORANDUM ORDER

For the reasons stated below, Defendants' motion to dismiss (Doc. 65) will be granted.

Plaintiffs filed their initial complaint in this matter on March 29, 2012, alleging that Defendants' merger violated Section 7 of the Clayton Act, 15 U.S.C § 18, under several distinct legal theories. On August 27, 2012, this Court dismissed Plaintiff's claims under most of those theories, but gave them the opportunity to amend three of them. (Doc. 60). Plaintiff filed an amended complaint on September 10, 2012, this time raising violations of both Section 7 of the Clayton Act, and Section 1 of the Sherman Act, 15 U.S.C. § 1. (Doc. 62 at 30). They now proceed under two legal theories, one of which is relevant to this motion to dismiss – that being that Defendants' merger gives them monopsony power as purchasers of retail community pharmacy services in state markets. Id. ¶¶ 64-73; 91-101.

Defendants raise a variety of arguments in an attempt to persuade this Court to dismiss this claim. Most important to this order, Defendants assert that Plaintiffs have wholly failed to allege antitrust injury with respect to the sale of retail community pharmacy services.

In the order on Defendants' initial motion to dismiss, this Court held that Plaintiff's allegations of potentially reduced output as a result of the merger would be the result of the

merged-Defendants' mere unilateral lowering of reimbursement rates, which is well-recognized not to give rise to an anti-trust injury. (Doc. 60 at 19); see also W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 103 (3d Cir. 2010); see also IIA Phillip E. Areeda, Herbert Hovenkamp et al., Antitrust Law ¶ 350b, at 234-35 (3d ed. 2007).[1] Plaintiffs have refined the allegations in their amended complaint, contending that Defendants engaged in collusive behavior – but only insofar as they agreed to merge. See (Doc. 62 at 30 n. 15, ¶¶ 64, 67, 70, 91, 94, and 110). Plaintiffs further argue that this alleged collusion is in close proximity to the injury that they would suffer as a result of suboptimal reimbursement rates, and that this injury qualifies as the sort against which the antitrust laws were meant to protect – thus giving them antitrust standing to proceed with this claim. (Doc. 68 at 17-18).

There is a rather fine point to this argument. On one hand, Plaintiffs' potential injury flows from the alleged market power of the single merged entity that now incorporates both Defendants.[2] On the other, the merged entity would not exist but for Defendants' agreement to create it. However, it is noteworthy – and ultimately, dispositive – that Plaintiffs plead no improper collusion between Defendants with respect to reimbursement rates as part of the merger agreement. Instead, the potential harm that Plaintiffs allege appears to stem purely from the unilateral, non-predatory actions of the merged entity itself. Because of this disconnect, even

---

[1] The parties appear to have interpreted this Court's earlier order as requiring allegations of bi-lateral agreement between Defendants in order to demonstrate antitrust injury. Strictly speaking, that is not the case – the earlier order simply recognized the Court of Appeals' holding in West Penn that mere unilaterally-lowered reimbursement rates were insufficient to do so. See 627 F.3d at 103. Be that as it may, Plaintiffs have chosen to argue that Defendants' agreement is the font from which their potential injury flows.

[2] This would be true even if Defendants had been enjoined from consummating the merger during the pendency of this lawsuit. The allegations in Plaintiffs' initial and amended complaints attribute their potential harm to the power of the merged entity, not Defendants individually.

assuming that Plaintiffs have pleaded a violation of the antitrust laws, they simply have not alleged a plausible connection between that violation and their alleged injury-in-fact.  See Bell Atlantic Corp v. Twombly, 550 U.S. 554 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). Accordingly, their claim with respect to the sale of retail community pharmacy services in state markets must be dismissed.

AND NOW, this 28th day of June, 2013,

IT IS HEREBY ORDERED that, for the reasons stated above, Defendants' motion to dismiss (Doc. 65) is GRANTED with prejudice.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):
All Counsel of Record